**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

RALF HARTMANN,

                            Plaintiff,

            v.

AMAZON.COM, INC. and AMAZON DIGITAL
SERVICES LLC,

                          Defendants.

Case No. 1:20-CV-04928-PAE

 

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

# TABLE OF CONTENTS

**Page**

I.     PRELIMINARY STATEMENT ................................................................... 1

II.    FACTUAL BACKGROUND................................................................... 4

III.   LEGAL STANDARD................................................................................ 6

IV.   ARGUMENT ........................................................................................... 7

      A.      Plaintiff's U.S. claims under Counts I-IV must be dismissed because the FAC does not meet Section 411's preregistration requirement or plausibly allege ownership of copyrights in the asserted motion picture works ................... 7

      B.      Plaintiff's contributory infringement claims under Counts II and III should be dismissed ......................................................................................... 11

           1.      Plaintiff's contributory infringement claims fail to allege direct infringement by another........................................................................ 12

           2.      The contributory infringement claims fail to plausibly allege facts sufficient to establish that Amazon, with knowledge of infringing activity, induced, caused, or materially contributed to such infringing conduct of another................................................................. 15

                i.      Count II – U.S. contributory infringement.................................. 16

                ii.      Count III – foreign contributory infringement............................ 18

           3.      The contributory infringement claims must also be dismissed because the Prime Video service is capable of substantial non-infringing uses ...................................................................................... 21

      C.      Plaintiff's barebones vicarious infringement claim under Count IV is implausible and conclusory and should also be dismissed ................................. 22

      D.      Plaintiff's foreign infringement claims under Count V should be dismissed because there is no cognizable Berne Convention copyright infringement claim and the FAC fails to plausibly or specifically allege infringement under the foreign laws of any particular country ................................................. 23

V.     CONCLUSION...................................................................................... 25

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Arista Records, Inc. v. MP3Board, Inc.*,
   No. 00 CIV. 4660, 2002 WL 1997918 (S.D.N.Y. Aug. 29, 2002) ..........................................14

*Arista Records LLC v. Doe 3*,
   604 F.3d 110 (2d Cir. 2010) ...................................................................................................15

*Arista Records LLC v. Usenet.com, Inc.*,
   633 F. Supp. 2d 124 (S.D.N.Y. 2009) ....................................................................................15

*Artists Music, Inc. v. Reed Publ'g (USA), Inc.*,
   Nos. 93 CIV. 3428, 73163, 1994 WL 191643 (S.D.N.Y. May 17, 1994) ..............................22

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................................................................6

*ATSI Commc'ns v. Shaar Fund, Ltd.*,
   493 F.3d 87 (2d Cir. 2007) ....................................................................................................6, 8

*Banff Ltd. v. Limited, Inc.*,
   869 F. Supp. 1103 (S.D.N.Y. 1994) ........................................................................................22

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ....................................................................................................6, 20, 23

*Berry v. Deutsche Bank Tr. Co. Americas*,
   No. 07 Civ. 7634, 2008 WL 4694968 (S.D.N.Y. Oct. 21, 2008), *aff'd*, 378 F.
   App'x 110 (2d Cir. 2010) .........................................................................................................23

*Brought to Life Music, Inc. v. MCA Records, Inc.*,
   No. 02 CIV. 1164, 2003 WL 296561 (S.D.N.Y. Feb. 11, 2003) ..........................12, 15, 17, 19

*Cable News Network, L.P. v. GoSMS.com, Inc.*,
   No. 00 Civ. 4812, 2000 WL 1678039 (S.D.N.Y. Nov. 6, 2000) ......................................16, 18

*Carell v. Shubert Org., Inc.*,
   104 F. Supp. 2d 236 (S.D.N.Y. 2000) .....................................................................................24

*Citizens United v. Schneiderman*,
   882 F.3d 374 (2d Cir. 2018) ....................................................................................................20

*Demetriades v. Kaufmann*,
   690 F. Supp. 289 (S.D.N.Y. 1988) .........................................................................................16

*Erickson Prods., Inc. v. Kast*,
 921 F.3d 822 (9th Cir. 2019) ..............................................................22

*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*,
 139 S. Ct. 881 (2019) ...................................................................7, 9

*Fun-Damental Too, Ltd. v. Gemmy Indus. Corp.*,
 No. 96 Civ. 1103, 1996 WL 724734 (S.D.N.Y. Dec. 17, 1996)................20

*Gench v. HostGator.com LLC*,
 No. 14 Civ. 3592, 2015 WL 3757120 (S.D.N.Y. June 17, 2015), *report and recommendation adopted*, No. 14-CV-3592, 2015 WL 4579147 (S.D.N.Y. July 29, 2015)..............................................................15, 17, 19

*Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*,
 443 F.2d 1159 (2d Cir. 1971)........................................................12, 22

*Island Software & Computer Serv., Inc. v. Microsoft Corp.*,
 413 F.3d 257 (2d Cir. 2005).................................................................8

*Itar–Tass Russian News Agency v. Russian Kurier, Inc.*,
 153 F.3d 82 (2d Cir. 1998).................................................................24

*Kelly v. L.L. Cool J.*,
 145 F.R.D. 32 (S.D.N.Y. 1992), *aff'd*, 23 F.3d 398 (2d Cir. 1994).........7

*Lefkowitz v. John Wiley & Sons, Inc.*,
 No. 13 Civ. 6414, 2014 WL 2619815 (S.D.N.Y. June 2, 2014)................12

*Levitin v. Sony Music Ent.*,
 101 F. Supp. 3d 376 (S.D.N.Y. 2015).....................................................20

*Lopez v. Bonanza.com, Inc.*,
 No. 17 Civ. 8493, 2019 WL 5199431 (S.D.N.Y. Sept. 30, 2019) ...........23

*Marvullo v. Gruner & Jahr*,
 105 F. Supp. 2d 225 (S.D.N.Y. 2000).....................................................13

*Matthew Bender & Co. v. W. Publ'g Co.*,
 158 F.3d 693 (2d Cir. 1998)...........................................................12, 14

*Metro–Goldwyn–Mayer Studios Inc. v. Grokster, Ltd.*,
 545 U.S. 913 (2005)..........................................................................22

*Palmer/Kane LLC v. Benchmark Educ. Co. LLC*,
 No. 18-CV-9369, 2020 WL 85469 (S.D.N.Y. Jan. 6, 2020) .............14, 16, 18

*Quiroga v. Fall River Music, Inc.*,
　　No. 93 CIV. 3914, 1998 WL 851574 (S.D.N.Y. Dec. 7, 1998)..............................16

*Reed Elsevier, Inc. v. Muchnick*,
　　559 U.S. 154 (2010)................................................................................................7

*Schulman v. Delaire*,
　　No. 10 Civ. 3639, 2011 WL 672002 (S.D.N.Y. Feb. 22, 2011) ............................6

*Smith v. BarnesandNoble.com, LLC*,
　　143 F. Supp. 3d 115 (S.D.N.Y. 2015), *aff'd on other grounds*, 839 F.3d 163
　　(2d Cir. 2016)......................................................................................................21

*Sony Corp. of Am. v. Universal City Studios, Inc.*,
　　464 U.S. 417 (1984)..............................................................................................21

*State St. Glob. Advisors Tr. Co. v. Visbal*,
　　431 F. Supp. 3d 322 (S.D.N.Y. 2020)..................................................................14

*Update Art, Inc. v. Modiin Publ'g, Ltd.*,
　　843 F.2d 67 (2d Cir. 1988)...................................................................................20

*Weinstein Co. v. Smokewood Ent. Grp., LLC*,
　　664 F. Supp. 2d 332 (S.D.N.Y. 2009)..................................................................11

*Wolk v. Kodak Imaging Network, Inc.*,
　　840 F. Supp. 2d 724 (S.D.N.Y. 2012), *aff'd sub nom. Wolk v.
　　Photobucket.com, Inc.*, 569 F. App'x 51 (2d Cir. 2014)..................................12, 13

*Xclusive-Lee, Inc. v. Hadid*,
　　No. 19-CV-520, 2019 WL 3281013 (E.D.N.Y. July 18, 2019)..........................7, 8

**Statutes and Rules**

17 U.S.C. § 204(a) .......................................................................................................11

17 U.S.C. § 411(a) .........................................................................................................7

Fed. R. Evid. 201(b)(2) ..................................................................................................8

Fed. R. Civ. P. 12(b)(6)..................................................................................1, 6, 14, 15

**Other Authorities**

U.S. Copyright Office, Compendium of U.S. Copyright Office Practices § 2303
　　(3d ed. 2017), *available at* https://www.copyright.gov/comp3/ ..............................9

## I.  PRELIMINARY STATEMENT

Defendants Amazon.com, Inc. and Amazon Digital Services LLC[1] (collectively, "Amazon" or "Defendants") respectfully submit this memorandum of law in support of their motion to dismiss with prejudice the First Amended Complaint (Dkt. 24) ("FAC") filed by Plaintiff Ralf Hartmann ("Plaintiff") for failure to state a claim on which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff's five asserted copyright claims (Counts I-V), all of which are directed to Amazon's alleged reproduction, distribution, or public performance of certain motion pictures that Plaintiff purports to own, must be dismissed.  In Counts I, II, and IV, respectively, Plaintiff alleges direct, contributory, and vicarious infringement of his purported copyrights "in the United States" in the motion pictures entitled *Commander Hamilton* and *After the Rain*.  In Count III, Plaintiff alleges contributory infringement of his purported copyrights in four motion pictures—namely *After the Rain*, *Commander Hamilton*, *The Last Tattoo*,[2] and *Austin Powers: International Man of Mystery*[3]—which Plaintiff alleges were reproduced and distributed "in the United States For Further Distribution in Foreign Countries."  Finally, in Count V, Plaintiff alleges "Copyright Infringement In Violation of the Foreign Copyright Laws Within Each of the Foreign Countries"

---

[1] As Amazon's counsel previously notified Plaintiff's counsel via communications and court filings, Amazon Digital Services LLC merged into Amazon.com Services LLC on January 1, 2020. Therefore, Amazon.com Services LLC, not Amazon Digital Services LLC, is the proper defendant in this action.

[2] On October 30, 2020, Plaintiff's counsel added *The Last Tattoo* to the FAC without any prior conferral with Amazon's counsel on the addition of a new infringement allegation as to a not-previously asserted motion picture work.  After several requests for clarification by Amazon's counsel, Plaintiff's counsel finally acknowledged and represented to Amazon's counsel on November 19, 2020 that *The Last Tattoo* was included in the FAC in error, and that the references in the FAC to *The Last Tattoo* should be replaced with *Drop Dead Gorgeous*.  On November 30, 2020, Plaintiff's counsel indicated it would only seek to correct the errors in the FAC in response to a motion to dismiss.  As such, Amazon has had no choice but to waste party and Court resources on arguments directed to *The Last Tattoo* in this motion, even though Plaintiff concedes that the FAC referenced that work in error.  Plaintiff's refusal to correct known errors in its FAC supports denial of any request by Plaintiff for leave to amend again.  Amazon also reserves the right to address any claims by Plaintiff relating to *Drop Dead Gorgeous*, which Plaintiff originally identified in the Complaint but thereafter removed from the infringement allegations in the FAC.

[3] *Austin Powers: International Man of Mystery* is referred to in the FAC and herein as *Austin Powers*.

in connection with the motion pictures *After the Rain*, *Commander Hamilton*, *Drop Dead Gorgeous*, and *Austin Powers*.

Plaintiff's Counts I through IV must be dismissed because they fail to properly allege (a) ownership of purported U.S. copyrights in *Commander Hamilton*, *Austin Powers*, *After the Rain*, and *The Last Tattoo* or (b) that such copyrights are registered with the U.S. Copyright Office. To the contrary, the FAC allegations of registration are inconsistent with the alleged copyright certificates that Plaintiff incorporated by reference into the FAC. These certificates are facially insufficient because they merely reflect recordation of copyright-related contracts (not registrations of underlying copyrightable works), cover works different than those asserted in the FAC, and/or belie Plaintiff's claims of ownership and chain of title. As registration is a pre-condition to filing and maintaining a federal copyright infringement action under U.S. law, Plaintiff's infringement claims—whether direct, contributory or vicarious—as to *Commander Hamilton*, *Austin Powers*, *After the Rain*, and *The Last Tattoo* must be dismissed absent registered copyrights.

Plaintiff's contributory infringement claims under Counts II and III should also be dismissed in the entirety. Both of these counts are insufficient as pled because they (a) fail to identify with specificity a requisite underlying direct infringement by another and (b) fail to plausibly allege sufficient non-conclusory facts to establish that Amazon (i) knew of such alleged direct infringement and (ii) induced, caused, or materially contributed to such infringing conduct of another. As an underlying direct infringement and this level of scienter and material involvement are all necessary elements of a contributory infringement claim under U.S. copyright law, Counts II and III fail. Further, Amazon's Prime Video service is capable of substantial non-infringing uses, which provides an independent basis to dismiss the contributory infringement

claims.

In addition, Plaintiff's Count III's contributory infringement claim based on foreign conduct must also be dismissed because it violates the territorial limits of copyright law and is based entirely on speculation. Plaintiff cannot identify a direct infringement under U.S. copyright law that could serve as a basis for finding Amazon contributorily liable for foreign conduct. Nor does Plaintiff sufficiently explain how the alleged "predicate act" of allegedly reproducing the motion pictures at issue on Amazon.com, Inc.'s alleged servers in the U.S. facilitated any alleged infringement in foreign countries, particularly in view of Plaintiff's contradictory allegation in the FAC that Amazon.com, Inc. used its alleged servers in Europe and elsewhere outside the U.S. to distribute the motion pictures at issue to foreign users of the Prime Video service.

Plaintiff's Count IV claim for vicarious liability also must be dismissed because, in addition to deficiencies regarding claims of preregistration and ownership, it is comprised only of a formulaic recitation of the elements of the cause of action and fails to identify any non-speculative facts in support of the claim.

Finally, Count V for foreign infringement should be dismissed in its entirety as well. Count V purports to state a claim for infringement under the Berne Convention or under the foreign copyright laws of the United Kingdom, Germany, France, and essentially any and all other countries, without limitation. However, it is well established that the Berne Convention is not self-executing, and that no cognizable claim exists in federal court for copyright infringement under the Berne Convention. In addition, the FAC utterly fails to set forth any factual allegations supporting Plaintiff's contention that the motion pictures at issue are protected under the copyright laws of any particular foreign country, or that any particular foreign country's copyright laws were infringed. In fact, the FAC does not even specify which foreign country's laws Amazon is

purported to have infringed.  Such generalized and amorphous pleading is simply improper, and

as a result, Count V should also be dismissed in its entirety.

## II.   FACTUAL BACKGROUND

Plaintiff alleges that from July 2017 to December 2017 or early 2018 or "a date presently

unknown," Amazon, without authorization, allegedly made the works *Commander Hamilton* and

*After the Rain* available for digital distribution via on-demand streaming, rental, or sale on its

Prime Video service in the U.S.  FAC ¶¶ 32-33, 63.  Plaintiff further alleges that from July 2017

to December 2017 or early 2018, Amazon, without authorization, made the works *After the Rain*,

*Commander Hamilton*, *Austin Powers*, and either *Drop Dead Gorgeous* or *The Last Tattoo*[4]

available for on-demand streaming, rental, or sale on the Prime Video service in the "Foreign

Countries," which are defined to include the United Kingdom, Germany, Australia, and France.

*Id.* ¶¶ 30, 35.  Plaintiff contends that Amazon's alleged actions constitute direct, contributory,

and vicarious infringement of his copyrights under U.S. law (Counts I-IV), and also constitute

infringement under unspecified foreign copyright laws (Count V).

In support of his claims, Plaintiff alleges that he is the owner of the copyrights in the motion

pictures *Commander Hamilton*, *The Last Tattoo*, and *After the Rain*, *id.* ¶ 13, and "international

copyrights in, and international distribution rights for" *Austin Powers* and *Drop Dead Gorgeous*,

*id.* ¶ 14.  Plaintiff alleges that, pursuant to agreements he entered into in 2008 and 2012 with

"Capella Films, Inc." and "Capella International, GmbH," respectively, he obtained copyright

interests to various motion pictures, including *After the Rain*, *Commander Hamilton*, *The Last

Tattoo*, *Austin Powers*, and *Drop Dead Gorgeous*.  *Id.* ¶¶ 19, 21-22.  Plaintiff did not annex these

purported agreements to the FAC, but nonetheless asserts that the rights he allegedly obtained

---

[4] *See supra* note 2.

pursuant to them included the "exclusive rights to 'Reproduce the copyrighted work,' 'distribute copies . . . of the copyrighted work to the public,' 'perform the copyrighted work publicly,' and 'display the copyrighted work publicly,'" *id*. ¶ 25, and that, with respect to *Austin Powers* and *Drop Dead Gorgeous*, his rights are limited to the "International Territory," which he defines as "the universe with the exclusion of the United States and Canada." *Id*. ¶ 26. As explained below in Section IV.A, the records of the U.S. Copyright Office contradict these claims.

Plaintiff further alleges that his purported copyrights in *After the Rain*, *Austin Powers*, *The Last Tattoo*, *Drop Dead Gorgeous*, and *Commander Hamilton* are registered with the U.S. Copyright Office and sets forth the copyright registration numbers and details as follows:

- *Commander Hamilton*, Copyright Reg. No. V 3418D562, dated February 7, 1998;

- *After the Rain*, Copyright Reg. No. PA 0001041433, dated March 12, 2001;

- *The Last Tattoo*, Copyright Reg. No. PA0000824942, dated April 29, 1996;

- *Austin Powers: International Man of Mystery*, Copyright Reg. No. V 3319P287, dated December 10, 1996; and

- *Drop Dead Gorgeous*, Copyright Reg. No. V 3450D488, dated March 20, 2000.

*Id*. ¶¶ 13-14. While Plaintiff did not attach copies of these purported certificates to the FAC, a review of the records of the U.S. Copyright Office here too undermines Plaintiff's claims. First, the purported registration for *Commander Hamilton* is merely a certificate reflecting recordation of a "memorandum of exclusive rights" document involving parties other than Plaintiff, not a copyright registration for the motion picture work *Commander Hamilton*. *See* Declaration of Lindsay Korotkin (the "Korotkin Decl."), Ex. 1. Second, the purported registration for *Austin Powers* is merely a certificate reflecting recordation of a "copyright mortgage and assignment" involving parties other than Plaintiff, not a copyright registration for the motion picture work

*Austin Powers*. *See id.*, Ex. 2. Third, the purported registration for *The Last Tattoo* reflects registration of a textual work (a script), not a copyright registration for the motion picture work *The Last Tattoo*. *See id.*, Ex. 3. Fourth, as to *Austin Powers* and all the other asserted works, as explained in greater detail below, the FAC's asserted ownership claims also contain infirmities because the records of the U.S. Copyright Office do not identify Plaintiff as owner of the asserted works and further contradict his allegations regarding his purported chain of title to them. *See id.*, Exs. 1-5; *infra* Section IV.A.

## III. <u>LEGAL STANDARD</u>

A complaint may be dismissed "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss on such grounds, the complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff must state allegations that are "entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). For Rule 12(b)(6) purposes, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted). Therefore, to survive dismissal, a complaint must state facts that at least "raise a right to relief above the speculative level." *Id.* (citation omitted); *see also ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). Indeed, the Court "need not accord legal conclusions, deductions or opinions couched as factual allegations . . . a presumption of truthfulness." *Schulman v. Delaire*, No. 10 Civ. 3639, 2011 WL 672002, at *2

(S.D.N.Y. Feb. 22, 2011) (citation and internal quotation marks omitted).  As set forth below, Plaintiff's FAC fails to meet this burden.

## IV.    **ARGUMENT**

### A.    **Plaintiff's U.S. claims under Counts I-IV must be dismissed because the FAC does not meet Section 411's preregistration requirement or plausibly allege ownership of copyrights in the asserted motion picture works.**

Plaintiff's failure to plead or meet the preregistration and ownership requirements to assert U.S. copyright claims are fatal.  Section 411(a) of the Copyright Act provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."  17 U.S.C. § 411(a).  This provision imposes a "precondition" to filing a claim for copyright infringement and requires that a copyright owner may not institute a civil action for copyright infringement until the U.S. Copyright Office issues a registration for the at-issue work.  *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019) ("[R]egistration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights.");  *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010).  Courts in this Circuit therefore require a plaintiff who brings a copyright infringement claim to allege, among other elements, that it owns the duly registered copyrights in the asserted works.  *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992), *aff'd*, 23 F.3d 398 (2d Cir. 1994) (citations omitted) (explaining that a plaintiff who brings a claim of copyright infringement is required to "allege 1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the defendant infringed the copyright.").  Failure to properly plead ownership and comply with the Section 411 preregistration requirement are bases for dismissal of a

complaint.  *See Xclusive-Lee, Inc. v. Hadid*, No. 19-CV-520, 2019 WL 3281013, at *2 (E.D.N.Y. July 18, 2019) (dismissing complaint because even assuming ownership was properly pled, the preregistration requirement was not met).  Plaintiff's FAC suffers both of these defects and therefore must be dismissed.

By identifying alleged copyright registration numbers for the asserted motion picture works in the FAC, Plaintiff incorporated the associated certificates by reference.  As such, those certificates are "integral" to the complaint and may be considered by the Court in evaluating Defendant's motion to dismiss.  *ATSI Commc'ns, Inc.*, 493 F.3d at 98 (noting that, when considering a motion to dismiss, a court may consider "any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference . . . and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit").  The Court may also take judicial notice of the cited-to certificates as records of the U.S. Copyright Office.  *See Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005) (finding district court properly took judicial notice of U.S. Copyright Office records); Fed. R. Evid. 201(b)(2).  Thus, the referenced certificates lie within the four corners of the FAC for purposes of evaluating the sufficiency of Plaintiff's copyright claims and Amazon's motion to dismiss.

The FAC should be dismissed because it and the referenced certificates fail to establish that the copyrights in the motion pictures *Commander Hamilton*, *After the Rain*, *The Last Tattoo*, and *Austin Powers* were registered with the U.S. Copyright Office and are owned by Plaintiff.

First, Plaintiff's U.S. claims asserted under the motion pictures *Commander Hamilton* (Counts I-IV) and *Austin Powers* (Count III) fail and must be dismissed because the FAC does not identify copyright registration certificates for these two works.  Rather, the certificates Plaintiff

references merely reflect recordation of copyright-related contracts with the U.S. Copyright Office, not registrations to underlying motion picture works.  *See supra* Section II.[5]  These defects are fatal because recordation of copyright-related contracts and registration of copyrightable works are "separate procedures."  U.S. Copyright Office, Compendium of U.S. Copyright Office Practices § 2303 (3d ed. 2017), *available at* https://www.copyright.gov/comp3/.[6]  Importantly, "documents may be recorded, *even if the copyright has not been registered with the Office*."  *Id.* (emphasis added).  For this reason, "recording a document is not a substitute for registering a copyright claim, and registering a copyright claim is not a substitute for recording a document." *Id.*  As a result, by only citing to document recordation certificates for contracts related to the asserted works *Commander Hamilton* and *Austin Powers*, the FAC fails to comply with Section 411's preregistration requirement and Plaintiff's U.S. claims under these works must be dismissed. *See Fourth Estate Pub. Benefit Corp.*, 139 S. Ct. at 887.

Second, the entirety of Plaintiff's claim for *The Last Tattoo* (Count III) must be dismissed because the cited-to certificate for *The Last Tattoo* is for a textual work (namely a script) not the allegedly infringed motion picture work.  *See supra* Section II; Korotkin Decl., Ex. 2.  Therefore, the FAC also fails to meet the Section 411 preregistration requirement for this work.  Furthermore, Plaintiff conceded that Amazon did not infringe *The Last Tattoo* and that this work was added to the FAC in error.  *See supra* note 2.

---

[5] As noted above, the referenced *Commander Hamilton* certificate is for a recorded document relating to a memorandum of exclusive rights between two sets of parties (none of which are Plaintiff) and the cited-to *Austin Powers* certificate is for a recorded document described as a copyright mortgage and assignment among parties that are not Plaintiff.  *See* FAC ¶¶ 13-14; Korotkin Decl., Exs. 1, 3.

[6] *Compare* https://www.copyright.gov/recordation/ *with* https://www.copyright.gov/registration/. Specifically, "[t]o register a claim to copyright, an applicant must submit an application, deposit copy(ies), and the appropriate filing fee.  The registration specialist will examine the application and the deposit copy(ies) to determine if the material deposited constitutes copyrightable subject matter and if the other legal and formal requirements for registration have been met."  U.S. Copyright Compendium § 2303.  In contrast, to record a document, like those recorded in the cited-to *Commander Hamilton* and *Austin Powers* certificates, "a remitter must submit a signed document together with the appropriate filing fee."  *Id.*

Third, all of Plaintiff's U.S. claims (Counts I-IV) must be dismissed for the five asserted works because none of the cited-to certificates contain any mention of Plaintiff's name, nor does the FAC plausibly allege facts to support Plaintiff's claims of ownership of U.S. or foreign copyrights in these works. Rather, the copyright certificates that Plaintiff incorporated into the FAC contradict and undermine his claims. *See* Korotkin Decl., Exs. 1-5.

For example, the referenced certificate for *Commander Hamilton* is for a "memorandum of exclusive rights" purportedly executed in 1998 between "Party 1: Moviola Film & Television, AB & TV 4, AB" and "Party 2: Capella International, Inc., Erste Beteiligung KC Medien AG & Co., KG & Zweite Beteiligung KC Medien AG & Co., KG," yet the FAC's claims regarding this work are silent as to the identified entities Capella International, Inc. and Moviola Film & Television, AB & TV 4, AB. FAC ¶¶ 15-19; Korotkin Decl., Ex. 1. The referenced certificate for *After the Rain* identifies the copyright claimant as "Third Orbit Productions, Inc., & Erste & Zweite KC Medien, AG," yet the FAC's claims regarding this work are silent as to the identified entity Third Orbit Productions, Inc. FAC ¶¶ 15-19; Korotkin Decl., Ex. 4. The referenced certificate for *The Last Tattoo* identifies the copyright claimant as "Plumb Productions, Ltd. & Capella International," yet the FAC's claims regarding this work are silent as to the identified entity Plumb Productions, Ltd. FAC ¶¶ 20-22; Korotkin Decl., Ex. 3. And, the referenced certificate for *Austin Powers* is for a copyright mortgage and assignment purportedly executed in 1996 between "Party 1: Capella International, Inc. & Erste Beteiligung KC Medien AG & Co. KG" and "Party 2: New Line Cinema Corporation," yet the FAC's claims regarding this work are silent as to the entities Capella International, Inc. and New Line Cinema Corporation. FAC ¶¶ 15, 17, 19; Korotkin Decl., Ex. 2. In sum, the certificates incorporated by reference in the FAC fail to support, and, in fact, contradict, the FAC's allegations that copyrights in the motion pictures *Commander Hamilton*,

*After the Rain*, *Austin Powers*, *Drop Dead Gorgeous*, and *The Last Tattoo* are properly registered with the U.S. Copyright Office as required by Section 411 of the Copyright Act and are owned by Plaintiff.

In addition, Plaintiff has not plausibly alleged the existence of a valid transfer "in writing and signed by the owner of the rights conveyed" to establish ownership of the asserted copyrights via written agreements. 17 U.S.C. § 204(a); *see Weinstein Co. v. Smokewood Ent. Grp., LLC*, 664 F. Supp. 2d 332, 339 (S.D.N.Y. 2009) (dismissing copyright claim that failed to allege the existence of a writing that met the requirements of Section 204(a)). Plaintiff's allegations in the FAC also contradict ownership and chain of title claims that he previously made in pleadings in a factually-related New York State case, *Screen Media Ventures, LLC v. Capella International, Inc. and Ralf Hartman*, Index No. 654358/2012.[7]

Therefore, Plaintiff's U.S. claims that Amazon directly, contributorily, or vicariously infringed his purported copyright in *Commander Hamilton* and *After the Rain* (Counts I-IV), and contributorily infringed his purported copyrights in *Austin Powers* and *The Last Tattoo* (Count III) should be dismissed.

## B. Plaintiff's contributory infringement claims under Counts II and III should be dismissed.

In Counts II and III, Plaintiff alleges implausible and defective contributory infringement claims against Amazon that must be dismissed. To state a claim for contributory infringement,

---

[7] For example, in the New York State case, Plaintiff claimed that an entity Capella *International, Inc.* owned the distribution rights in *Austin Powers*, *After the Rain*, *Commander Hamilton*, *Drop Dead Gorgeous*, and *The Last Tattoo* from 2002 for at least a period of 15 years through 2017, but here Plaintiff claims a different entity Capella *Films, Inc.* obtained ownership of those asserted copyrights in 2007 via assignments from entities Erste Beteiligung KC Medien AG and Zweite Beteiligung KC Medien AG, which thereafter assigned those same copyrights to Plaintiff in 2008. *Compare Screen Media Ventures, LLC, v. Capella International, Inc. and Ralf Hartman,* Index No. 654358/2012, Dkt. 16 (Counterclaims ¶¶ 4-5, 20, 32, 34) *with* FAC ¶¶ 17-19. This suggests Plaintiff's statements in at-least one of his court-filed pleadings are false and inaccurate.

the plaintiff must allege sufficient facts demonstrating that: (a) there was a direct infringement by another, (b) defendant had knowledge of the direct infringement, and (c) defendant "induce[d], cause[d] or materially contribute[d] to the infringing conduct of another . . . ." *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971); *Brought to Life Music, Inc. v. MCA Records, Inc.*, No. 02 CIV. 1164, 2003 WL 296561, at *2-3 (S.D.N.Y. Feb. 11, 2003). Under this standard, Plaintiff's contributory infringement counts fail to plausibly allege direct infringement by another, that Amazon had knowledge of any such direct infringements, and that Amazon induced, caused, or materially contributed to the infringing conduct of another. Furthermore, Plaintiff's Count III for contributory infringement based on foreign activities violates the territorial limits of copyright law and likewise fails. Lastly, Amazon's Prime Video service is plainly capable of substantial non-infringing uses, which provides an independent basis to dismiss Plaintiff's contributory infringement claims under Counts II and III.

### 1. *Plaintiff's contributory infringement claims fail to allege direct infringement by another.*

Secondary infringement claims, whether under a theory of contributory or vicarious infringement, by definition can only exist when there is an underlying direct infringement by a third party who is not that same defendant. *See Matthew Bender & Co. v. W. Publ'g Co.*, 158 F.3d 693, 706 (2d Cir. 1998); *Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 750 (S.D.N.Y. 2012), *aff'd sub nom. Wolk v. Photobucket.com, Inc.*, 569 F. App'x 51 (2d Cir. 2014) (citations omitted) ("[I]n order to hold a defendant secondarily liable someone else must have directly infringed on the copyright holder's rights."). Failure to adequately plead a direct copyright infringement is a basis to dismiss contributory infringement claims. *See, e.g., Lefkowitz v. John Wiley & Sons, Inc.*, No. 13 Civ. 6414, 2014 WL 2619815, at *11 (S.D.N.Y. June 2, 2014) (dismissing secondary infringement claims where complaint failed to sufficiently identify third

party direct infringer for whom defendant could be secondarily liable); *Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 229 (S.D.N.Y. 2000) (granting motion to dismiss and stating that "[s]ince the second amended complaint fails to adequately plead a direct copyright infringement, plaintiff's contributory infringement claim would fail"). Here, Plaintiff's contributory infringement claims under Counts II and III must be dismissed because the FAC fails to plausibly or specifically identify a requisite underlying direct infringement by a third party.

The FAC does not clearly set forth the alleged direct infringement on which its contributory infringement claims are premised. At times, the FAC appears to allege that the contributory infringement counts against Defendants are premised on Defendants' own alleged direct infringement. *See, e.g.*, FAC ¶¶ 69-70 ("Defendants violated the exclusive rights of RH by distributing, without Plaintiff's license or authorization, the Motion Pictures . . . via on demand stream, rental and/or sale . . . ."); *id.* ¶¶ 84, 86 ("Amazon's wrongful acts of reproduction and distribution of the Motion Pictures . . . on its servers in the United States, . . . in violation of U.S. Copyright law . . . then caused and permitted Amazon's further unauthorized reproduction and distribution of the motion pictures outside of the U.S. . . . As a direct and proximate result of Defendants' infringement . . . .").[8] Plaintiff's theory that Defendants' alleged direct infringement can serve as the predicate underlying act to support a claim for the same entities' alleged contributory infringement fails as a matter of law. *See generally Wolk*, 840 F. Supp. 2d at 750.

The FAC also contains several generic and vague references to the viewing conduct of "subscribers" or "end-users" of Amazon's Prime Video service. *See, e.g.*, FAC ¶¶ 32, 34, 38, 51,

_____

[8] The FAC defines defendant Amazon.com Inc. as "Amazon.com" and defendant Amazon Digital Services LLC as "Amazon Digital." FAC at 1 (preamble). It then defines "Defendants" as the undefined "Amazon" and the previously defined "Amazon Digital." *Id.* ¶ 7. The FAC thereafter references an Amazon, Amazon.com, Amazon Digital, and Defendants, at times interchangeably, without clarifying which entity or entities "Amazon" and "Defendants" (which is defined to include "Amazon") are meant to reference. For purposes of this motion, Amazon presumes that the FAC's references to "Amazon" are meant to refer to the entity Amazon.com, Inc.

53, 71, 85.  Even if those references were intended to identify the requisite predicate direct infringements, Plaintiff's contributory infringement claims would still fail under Rule 12(b)(6). Among other things, the FAC makes no attempt to identify which of those subscribers or end-users are alleged direct infringers, or to allege the specific acts that allegedly comprise direct infringement and serve as a basis for secondary liability as to Amazon.  *See id.* ¶¶ 69-71, 83-85. Rather, the FAC's general statements regarding Amazon's subscribers and end-users are consistent with those dismissed as too implausible or conclusory to support contributory infringement claims by other courts in this Circuit.  *See, e.g.*, *Palmer/Kane LLC v. Benchmark Educ. Co. LLC*, No. 18-CV-9369, 2020 WL 85469, at *10-11 (S.D.N.Y. Jan. 6, 2020) (dismissing contributory infringement claim in part because "reference to infringing uses committed by 'an overseas publisher' and 'one or more foreign publishers,' . . . are generalized" and "amount to conclusory statements").[9]

Furthermore, Count III for contributory infringement based on alleged conduct in foreign countries also fails.  It is axiomatic that acts of copyright infringement that take place outside the territorial jurisdiction of the United States are not actionable under U.S. copyright law.  Therefore, any alleged actions of Amazon or its subscribers or users in foreign countries are wholly extraterritorial and cannot constitute direct infringement under U.S. copyright law.  *See, e.g.*, *State St. Glob. Advisors Tr. Co. v. Visbal*, 431 F. Supp. 3d 322, 339 (S.D.N.Y. 2020) (citations and internal quotation marks omitted) ("[I]t is well established that copyright laws generally do not have extraterritorial application.").  Thus, Counts II and III should be dismissed in their entireties.

---

[9] *Cf. Matthew Bender & Co.*, 158 F.3d at 706 (finding no contributory infringement at summary judgment in part because "West has hypothesized that users of Bender and HyperLaw's products" will directly infringe the work, "[b]ut West has failed to identify any primary infringer, other than Mr. Trittipo, West's counsel"); *Arista Records, Inc. v. MP3Board, Inc.*, No. 00 CIV. 4660, 2002 WL 1997918, at *3 (S.D.N.Y. Aug. 29, 2002) ("At the summary judgment stage, the record companies cannot rely solely upon circumstantial evidence and admissions by MP3Board officers that it is statistically 'likely' that direct infringement occurred.").

2. ***The contributory infringement claims fail to plausibly allege facts sufficient to establish that Amazon, with knowledge of infringing activity, induced, caused, or materially contributed to such infringing conduct of another.***

Assuming *arguendo* that the FAC had specifically and plausibly identified the requisite predicate direct infringement "by another," Plaintiff's contributory infringement claims would still fail under Rule 12(b)(6). As addressed below, the FAC does not plausibly allege that Amazon: (a) knew that the subscribers, end-users, or anyone else, directly infringed Plaintiff's alleged copyrights in *Austin Powers*, *After the Rain*, *Commander Hamilton*, and *The Last Tattoo*; and (b) induced, caused, or materially contributed to such infringing conduct. Rather, the FAC's conclusory and speculative allegations lack any plausible factual support and must be dismissed.

Knowledge of the underlying direct infringement is "critical to sustaining a claim for contributory infringement." *Brought to Life Music, Inc.*, 2003 WL 296561, at *2. Thus, to survive a motion to dismiss, the plaintiff must also allege sufficient facts supporting the plausible inference that the defendant "kn[ew] or ha[d] reason to know" of the third party's infringement. *Arista Records LLC v. Doe 3*, 604 F.3d 110, 117-18 (2d Cir. 2010) (citation omitted). While the requisite knowledge may be actual or constructive, *Arista Records LLC v. Usenet.com, Inc.*, 633 F. Supp. 2d 124, 154 (S.D.N.Y. 2009), "more than a generalized knowledge . . . of the possibility of infringement" is required. *Gench v. HostGator.com LLC*, No. 14 Civ. 3592, 2015 WL 3757120, at *11 (S.D.N.Y. June 17, 2015), *report and recommendation adopted*, No. 14-CV-3592, 2015 WL 4579147 (S.D.N.Y. July 29, 2015) (citations and internal quotation marks omitted). Therefore, failure to plausibly plead knowledge is fatal. *Gench*, 2015 WL 3757120, at *11 (dismissing speculative conclusory contributory infringement claims); *Brought to Life Music, Inc.*, 2003 WL 296561, at *2-3 (dismissing contributory infringement claim for failure to adequately plead knowledge or supporting facts).

And, even if knowledge is adequately pled, the defendant's participation in the third party's infringement must be "substantial." *Demetriades v. Kaufmann*, 690 F. Supp. 289, 294 (S.D.N.Y. 1988). "A mere allegation that the defendant provided the third party with the opportunity to engage in wrongful conduct" is insufficient to survive a motion to dismiss. *Quiroga v. Fall River Music, Inc.*, No. 93 CIV. 3914, 1998 WL 851574, at *37 (S.D.N.Y. Dec. 7, 1998). Furthermore, broad conclusory allegations that merely mirror the elements of a contributory infringement claim, without plausible factual support, are insufficient to survive a motion to dismiss. *See Palmer/Kane LLC*, 2020 WL 85469, at *11 (finding conclusory infringement claims implausible because broad allegations that defendant "directed or enabled" direct infringements or "enables, induces, facilitates, and materially contributes to each act of [direct] infringement . . . amount to conclusory statements"); *Cable News Network, L.P. v. GoSMS.com, Inc.*, No. 00 Civ. 4812, 2000 WL 1678039, at *6 (S.D.N.Y. Nov. 6, 2000) (dismissing secondary infringement claims because general allegations regarding role as manager who "[b]y virtue of [his/her] position . . . controls the affairs" of company and "is personally involved in the infringing" were insufficient to make out a claim).

### i.       *Count II – U.S. contributory infringement.*

Count II for contributory infringement in the U.S. also cannot survive Amazon's motion to dismiss because the FAC fails to plausibly allege knowledge and material involvement. At best, as to knowledge, the FAC merely alleges in conclusory fashion that Amazon: (a) "had either direct knowledge that they were not authorized and did not have a license to copy or distribute the motion pictures *Commander Hamilton* and *After the Rain*, in the United States . . . or were willfully blind to the high probability of the fact that they were not authorized or licensed . . . and consciously avoided confirming that fact," FAC ¶ 75; (b) acted "with the knowledge that their conduct aided and abetted Prime Video subscribers' violations of the exclusive rights of Plaintiff to distribute the

Motion Pictures *Commander Hamilton* and *After the Rain*," *id.* ¶ 76.  But, even if these subscribers were the alleged requisite direct infringers, the FAC does not support that conclusory allegation with any plausible facts.[10]  For example, the FAC does not allege that Plaintiff alerted Amazon to an alleged infringement by sending a cease-and-desist letter or by asking Amazon to take down the motion pictures at issue, let alone that Amazon's purportedly infringing conduct continued after receipt of any such notice.  Nor does the FAC allege that Prime Video is utilized primarily, much less solely, to facilitate infringement.  Plaintiff's failure to plausibly plead knowledge is therefore equally fatal.  *Gench*, 2015 WL 3757120, at *11; *Brought to Life Music, Inc.*, 2003 WL 296561, at *2-3.

To the contrary, the FAC makes clear that the Prime Video service offers its subscribers access to much more than the motion pictures at issue in Counts II and III.  Indeed, according to the FAC, the Prime Video service offers subscribers access to a wide variety of motion pictures and television shows for rent or purchase, including original content.  FAC ¶ 27.  The FAC does not allege, nor could it, that these other significant uses of Amazon's Prime Video service are also infringing.  In short, the FAC does not adequately support Plaintiff's contention that Amazon had any reason to think that the motion pictures at issue were not properly licensed or that Amazon otherwise had actual or constructive knowledge of any purported infringement, especially given that the Prime Video service is capable of substantial non-infringing uses.  *See infra* Section IV.B.3.

As to material involvement, the FAC claims merely that: (a) "Defendants maintain the website Amazon.com and offer the Prime Video service to subscribers via Amazon.com" and "also develop, maintain and distribute the Prime Video App and offer the Prime Video service to

---

[10] As noted above in Section IV.B.1, the FAC fails to clearly and plausibly allege an underlying direct infringement.

subscribers via the Prime Video App" "through which Defendants violated the exclusive rights of RH," FAC ¶¶ 69-70;[11] and (b) "Defendants, by facilitating, managing or directing unauthorized distributions of the Motion Pictures . . . materially contributed to the violation of the copyright laws by Prime Video subscribers in that Defendants have offered to, and entered into agreements with, subscribers of Prime Video, resulting in the unauthorized and unlicensed distribution, streaming, rental and/or purchase of the Motion Pictures . . . either through the Amazon.com website or the Prime Video App," *id.* ¶ 71. But such broad allegations of merely maintaining or offering a service are insufficient to meet the substantial material involvement requirement. *Palmer/Kane LLC*, 2020 WL 85469, at *11; *Cable News Network, L.P.*, 2000 WL 1678039, at *6. Plaintiff's failure to provide plausible factual allegations in support of this element, coupled with the failure to plausibly allege knowledge are fatal. Therefore, Count II of the FAC alleging contributory infringement should be dismissed.

### ii. *Count III – foreign contributory infringement.*

Count III alleging contributory infringement for alleged foreign infringement, a transoceanic hosting claim, also must be dismissed because the FAC fails to plausibly allege knowledge and material involvement and further violates the territorial limits of U.S. copyright laws. Again sloppily worded, Count III appears to be limited to Amazon.com, Inc. (referenced as "Amazon"), but ultimately seeks relief against both Defendants.[12] *See supra* note 9. Count III of the FAC alleges that Amazon.com, Inc., purportedly without authorization: (i) stored copies of *Commander Hamilton*, *After the Rain*, *Austin Powers*, and **Drop Dead Gorgeous** on its alleged

---

[11] As noted above in Section IV.B.1, Plaintiff's claim that Amazon's alleged direct infringement can serve as the underlying act to support a contributory infringement claim against Amazon fails as a matter of law.

[12] *Compare* FAC ¶¶ 81-85 (referencing "Amazon") *with id.* ¶ 86 (referencing "Defendants"). To the extent Count III is construed as also against Amazon Digital Services LLC, the lack of *any* allegations to support the claim as to that entity is likewise fatal. Therefore, for avoidance of doubt, Amazon is requesting that Count III be dismissed against both Defendants.

U.S. servers, FAC ¶ 81 (emphasis added); (ii) reproduced copies of *After the Rain*, *Commander Hamilton*, **The Last Tattoo**, and *Austin Powers* on its alleged U.S. servers, *id.* ¶ 82 (emphasis added); (iii) distributed copies of *After the Rain*, *Commander Hamilton*, **The Last Tattoo**, and *Austin Powers* from its alleged U.S. servers to other alleged servers "in Europe and elsewhere outside the United States," *id.* ¶ 83 (emphasis added); (iv) "caused and permitted" Amazon and/or its end-users to infringe the works in "Foreign Countries," *id.* ¶ 84; and (v) "caused, permitted or contributed to the unauthorized distribution of the motion pictures by end-users of Prime Video in the Foreign Countries," *id.* ¶ 85.  These allegations are insufficient to support a claim for contributory infringement against Amazon.com, Inc.

First, separate from the failure to clearly and specifically identify an underlying and actionable direct infringement, Count III does not even contain an allegation that Amazon.com, Inc. knew of any such underlying direct infringement.  The complete failure to plead knowledge (let alone plausible facts to support knowledge) as to this count is fatal.  *Gench*, 2015 WL 3757120, at *11; *Brought to Life Music, Inc.*, 2003 WL 296561, at *2-3.

Second, Count III also fails to plausibly plead any facts to support a contention that Amazon.com, Inc. was materially involved in any alleged direct infringement.  Notably missing from the FAC are any facts to support the theory that Amazon.com, Inc. had or used its alleged U.S.-based servers to distribute content to Prime Video servers or users overseas.  Indeed the existence of such alleged servers is not even plausibly alleged.  The only allegations in the FAC that could potentially shed light on the basis for Plaintiff's theory are contained in paragraphs 50 to 53, all of which are based solely on "information and belief."  Together they recite in conclusory fashion that although Amazon.com, Inc. allegedly hosted the Prime Video service in Europe and other places outside the U.S., and streamed content to users in foreign countries from those alleged

servers in Europe and elsewhere outside of the U.S., that "upon information and belief" Amazon.com, Inc. transferred copies of the motion pictures at issue from alleged servers in the U.S. to alleged servers in Europe. FAC ¶¶ 50-53. No attempt is made by Plaintiff whatsoever to explain the basis for its "information and belief" that alleged U.S. servers were used to transfer content to alleged foreign servers or users. Plaintiff "cannot merely plop 'upon information and belief' in front of a conclusory allegation and thereby render it non-conclusory." *Citizens United v. Schneiderman*, 882 F.3d 374, 384-85 (2d Cir. 2018). Such fact-free pleading is insufficient, and is another basis to dismiss Count III, especially given that Amazon's servers are capable of substantial non-infringing uses. *See infra* Section IV.B.3; *see also Twombly*, 550 U.S. at 555, 570.

Third, Count III's attempt to recover for alleged foreign infringement and conduct is in tension with the territorial limits of U.S. copyright law because "[t]he U.S. Copyright Act does not have extraterritorial application, and district courts do not have subject matter jurisdiction over infringement occurring outside of the United States." *Levitin v. Sony Music Ent.*, 101 F. Supp. 3d 376, 384, 386 (S.D.N.Y. 2015) (citations omitted) (dismissing U.S. copyright claims for failure "to allege any violation of the U.S. Copyright Act"). Therefore, this claim must be dismissed unless the FAC meets the narrow "predicate act" exception. *See, e.g.*, *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988). To do so, Plaintiff must plausibly allege that there was a qualifying predicate act of infringement that took place in the U.S., separate and apart from mere inducement or causation of alleged infringement overseas from which the overseas infringement stemmed. *Fun-Damental Too, Ltd. v. Gemmy Indus. Corp.*, No. 96 Civ. 1103, 1996 WL 724734, at *4-6 (S.D.N.Y. Dec. 17, 1996) (dismissing copyright infringement claim for lack of jurisdiction over acts abroad upon finding that transporting sample product from the U.S. overseas and authorizing and approving overseas factory's conduct were not actionable domestic

predicate acts of infringement).  The FAC however fails to meet that burden because the sole "predicate act" alleged in the FAC is the purported reproduction and distribution of the motion pictures *After the Rain*, *Commander Hamilton*, *The Last Tattoo*, and *Austin Powers* on alleged servers in the U.S. (FAC ¶¶ 55, 84) and the FAC does not explain or specify how this alleged predicate act facilitated any purported infringement abroad in foreign countries.  Plaintiff's conclusory and unsupported allegations in Count III are therefore insufficient.

### 3. *The contributory infringement claims must also be dismissed because the Prime Video service is capable of substantial non-infringing uses.*

Plaintiff's contributory infringement claims under Counts II and III also must be dismissed because Amazon's Prime Video service is capable of substantial non-infringing uses.  "[A] defendant who distributes a product that materially contributes to copyright infringement will not be liable for contributory infringement if the product also is widely used for legitimate, unobjectionable purposes or is merely capable of substantial noninfringing use."  *Smith v. BarnesandNoble.com, LLC*, 143 F. Supp. 3d 115, 124-26 (S.D.N.Y. 2015), *aff'd on other grounds*, 839 F.3d 163 (2d Cir. 2016) (citations and internal quotation marks omitted) ("Defendant cannot be held liable for contributory infringement because . . . [defendant's] system 'is *capable* of substantial non-infringing uses,' and indeed, that the system is used for 'commercially significant noninfringing uses.'").  Counts II and III must be dismissed because Plaintiff does not dispute, and indeed appears to concede (FAC ¶¶ 6, 27, 30-31) that Amazon's Prime Video service is capable of substantial noninfringing uses.  *See Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 442 (1984) ("[T]he sale of copying equipment, like the sale of other articles of commerce, does not constitute contributory infringement if the product is widely used for legitimate, unobjectionable purposes.  Indeed, it need merely be capable of substantial noninfringing uses.").

### C. Plaintiff's barebones vicarious infringement claim under Count IV is implausible and conclusory and should also be dismissed.

Plaintiff's Count IV for vicarious liability also must be dismissed. To state a claim for vicarious liability, plaintiff must allege that: (a) there was a direct infringement by another, (b) the defendant had the right and ability to supervise the infringing activity, and (c) the defendant had a direct financial interest in such activity. *See Gershwin Publ'g Corp.*, 443 F.2d at 1162; *Metro–Goldwyn–Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005). Merely having the possibility of policing an infringer "is insufficient to impose vicarious liability." *Artists Music, Inc. v. Reed Publ'g (USA), Inc.*, Nos. 93 CIV. 3428, 73163, 1994 WL 191643, at *6 (S.D.N.Y. May 17, 1994); *see also Banff Ltd. v. Limited, Inc.*, 869 F. Supp. 1103, 1109 (S.D.N.Y. 1994). Furthermore, a "financial benefit is not direct unless there is a causal relationship between the infringing activity and the financial benefit . . . If [a website operator] had a direct financial interest in every piece of content on this website that arguably made the website marginally more attractive or presentable, then the requirement of a causal link would be erased." *Erickson Prods., Inc. v. Kast*, 921 F.3d 822, 829-30 (9th Cir. 2019) (internal citation, alterations, and quotation marks omitted). Plaintiff's vicarious liability claim fails because the FAC does not plausibly allege or provide any facts in support of the claim.

As with Count III, although imprecisely worded, the allegations of Count IV appear to be limited to Amazon.com, Inc., referenced as the undefined "Amazon." *See supra* note 9. It goes on to allege in a conclusory manner that: (a) "Amazon has a right and ability to supervise Amazon Digital and its video streaming service, Prime Video," FAC ¶ 89; (b) "Amazon's right and ability to supervise Amazon Digital coalesced with an obvious and direct financial interest in the exploitation of the Motion Pictures by Amazon Digital via the Prime Video service," *id.* ¶ 90; and (c) "[b]y failing to supervise Amazon Digital, Amazon is vicariously liable for the direct copyright

infringement by Amazon Digital in streaming the Motion Pictures *Commander Hamilton* and *After the Rain* in the United States via the Prime Video service on Amazon.com and the Prime Video App," *id.* ¶ 91.[13] The FAC provides nothing beyond these speculative barebones allegations, which merely mirror the elements of a vicarious infringement cause of action. For example, Plaintiff provides no facts in support of the claim, such as how Amazon.com, Inc. had a right and ability to supervise, how it directly financially benefitted from the alleged exploitation of the asserted works, or how it allegedly "failed to supervise" Amazon Digital Services LLC. Plaintiff's "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted); *Berry v. Deutsche Bank Tr. Co. Americas*, No. 07 Civ. 7634, 2008 WL 4694968, at *5 (S.D.N.Y. Oct. 21, 2008), *aff'd*, 378 F. App'x 110 (2d Cir. 2010) (citations omitted) (dismissing vicarious liability claim for failure "to allege any facts showing the degree of control" and because "the interest in repayment of a loan does not establish an 'obvious and direct financial interest' in the infringement"); *Lopez v. Bonanza.com, Inc.*, No. 17 Civ. 8493, 2019 WL 5199431, at *23-24 (S.D.N.Y. Sept. 30, 2019) (dismissing vicarious liability claim because barebones pleading failed to present facts or evidence supporting a claim that defendant "had any 'right and ability to supervise' any alleged infringing activity" and "falls well short of the pleading standards set forth in *Twombly*"). Therefore, this Court should dismiss Count IV in its entirety.

**D.     Plaintiff's foreign infringement claims under Count V should be dismissed because there is no cognizable Berne Convention copyright infringement claim and the FAC fails to plausibly or specifically allege infringement under the foreign laws of any particular country.**

Plaintiff's foreign infringement claim under Count V violates the territorial limits of copyright laws and is too vague to survive dismissal. This claim is based on Amazon's purported

---

[13] Thus, despite earlier claiming that Amazon.com, Inc. is a direct infringer, FAC ¶¶ 63-66, Plaintiff contradicts the earlier allegations for purposes of this claim. While Plaintiff is entitled to plead claims in the alternative, ultimately both of these claims cannot prevail.

distribution of "copies of [Plaintiff's] copyright protected Motion Pictures – *Commander Hamilton*, *After the Rain*, *Austin Powers* and *Drop Dead Gorgeous* – to Prime Video subscribers in the Foreign Countries, through the Prime Video service . . . without [Plaintiff's] authorization or consent . . . ." FAC ¶ 97. The FAC defines "Foreign Countries" broadly as a group of countries that includes, but is not limited to, the United Kingdom, Germany, Australia, and France. *Id.* ¶ 30. Count V cannot survive dismissal because it fails to allege the specific foreign laws both under which it seeks relief and under which the asserted works are allegedly protected.

Plaintiff broadly alleges that the asserted motion pictures are all "protectable under Foreign Copyright Laws of countries that are signatories to the Berne Convention." *Id.* ¶ 96. However, the FAC does not expand on that claim or explain the basis for or location of such claims of foreign protection. This defect alone merits dismissal of Count V.

Second, Count V contains no clear recitation of the grounds under which Plaintiff is claiming entitlement to relief. The FAC states that Plaintiff "brings this action against Defendants for direct, and contributory infringement of Plaintiff's copyrights in the Motion Pictures, in violation of . . . [the Berne Convention]." *See id.* ¶ 2; *see also id.* ¶ 96. But it is well established in this Circuit that the Berne Convention is not self-executing, and that no cognizable claim exists under the Berne Convention itself. *See, e.g.*, *Itar–Tass Russian News Agency v. Russian Kurier, Inc.*, 153 F.3d 82, 90 n.9 (2d Cir. 1998) (noting that the Berne Convention Implementation Act of 1988 provides that the provisions of the Convention "shall not be enforceable in any action brought pursuant to the provisions of the Berne Convention itself"). Accordingly, to the extent that Count V is asserting a generalized claim under unspecified foreign laws by virtue of the fact that the U.S. is a signatory to the Berne Convention, Count V should be dismissed. *See Carell v. Shubert Org., Inc.*, 104 F. Supp. 2d 236, 258-59 (S.D.N.Y. 2000) (dismissing claims for copyright violations

under the Berne Convention because the Convention does not "offer an independent jurisdictional basis for suit in U.S. federal court.").

Further, Count V is also insufficient to the extent it is directed to copyright infringement under the laws of foreign countries because the FAC does not specify or give fair notice to Amazon as to what foreign country's laws have been allegedly violated. *See* FAC ¶¶ 2, 30, 35, 57 (explaining that "Foreign Copyright Laws" are the laws of "Foreign Countries," which is defined to be a non-exclusive list of countries including the United Kingdom, Germany, Australia, and France). A broad claim that unspecified foreign laws were violated is simply too general and conclusory to survive dismissal. In short, Plaintiff's generalized allegation that Amazon is liable under an amorphous set of "Foreign Copyright Laws," without more, fails by any measure to provide Amazon with adequate notice of the claims against it. For these reasons as well, Count V should be dismissed.

## V.    <u>CONCLUSION</u>

For the above-stated reasons, Amazon respectfully requests that its motion to dismiss the FAC with prejudice be granted and that Plaintiff be denied leave to further amend.

Dated:   New York, New York
December 15, 2020

Respectfully submitted,

**ARENT FOX LLP**

By: _____
Michelle Mancino Marsh
Eric Roman
Lindsay Korotkin
1301 Avenue of the Americas
Floor 42
New York, NY 10019

Tel.: (212) 484-3900
Fax: (212) 484-3990
Michelle.Marsh@arentfox.com
Eric.Roman@arentfox.com
Lindsay.Korotkin@arentfox.com

*Attorneys for Defendants*